<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SYLVESTER SANDERS, Administrator      :
ad prosequendum of the ESTATE OF
DARLENE SANDERS, a/k/a DEBBIE         :
PATTERSON, individually, as father
of Darlene Sanders and on behalf      :
of the heirs of the Estate;
ALMISSA SANDERS, individually and     :
in her capacity as the daughter of
Darlene Sanders;                      :
DYESHA CRINARTY, individually and
in her capacity as the daughter of    :
Darlene Sanders; and
ALMIN SANDERS, individually and in    :
his capacity as the son of
Darlene Sanders,                      :

     Plaintiffs,     :
            Civil Action No. 02-1655(JWB)
   v.                          :
            <u>**O P I N I O N**</u>
TRINITAS HOSPITAL, Jersey and         :
Williamsburg Campuses;
THE CITY OF ELIZABETH;                :
THE CITY OF ELIZABETH POLICE
DEPARTMENT;                           :
THE CITY OF ELIZABETH JAIL;
JAMES COSGROVE, individually and      :
under color of State law in his
capacity as Police Director for       :
the City of Elizabeth;
JOHN SIMON, individually and under    :
color of State law in his capacity
as Chief of Police for the            :
City of Elizabeth Police Department;
LT. SOFIANKOS, individually and
under color of State law in his       :
capacity as Desk Supervisor on
May 16, 2000 for the City of          :
Elizabeth Police Department;
JOHN and JANE ROES, officers,         :
supervisors, agents, directors,

```
and/or managers employed by the     :
City of Elizabeth Police
Department and Jail;                :
JOHN and JANE SMITHS or any other
persons, individuals, officers,     :
supervisors, agents, employees
and/or entities who are/were        :
responsible for inmate healthcare
at Trinitas Hospital,               :

                    Defendants.     :
```

**APPEARANCES**:

    LAW OFFICES OF LINDA B. KENNEY
    By:  Nancy S. Martin, Esquire
    The Galleria
    Atrium Bldg. 5, Second Floor
    2 Bridge Avenue
    Red Bank, New Jersey  07701
    (Attorney for Plaintiffs)

    LINDABURY, McCORMICK & ESTABROOK
    By:  Fred J. Hughes, Esquire
    53 Cardinal Drive
    Westfield, New Jersey  07091
    (Attorneys for Defendant
    Trinitas Hospital)

    LA CORTE, BUNDY, VARADY & KINSELLA
    By:  Robert F. Varady, Esquire
    989 Bonnel Court
    Union, New Jersey  07083
    (Attorneys for Defendants
    City of Elizabeth, City of Elizabeth
    Police Department and
    James Cosgrove)

    LONDA & LONDA
    By:  Felice T. Londa, Esquire
    277 North Broad Street
    Elizabeth, New Jersey  07208
    (Attorneys for Defendant
    John Simon)

>    EDWARD J. KOLOGI, ESQUIRE
>    923 North Wood Avenue
>    Linden, New Jersey  07036
>    (Attorney for Defendant
>    Lt. Sofiankos)

**BISSELL**, Chief Judge

This matter comes before the Court on motions by Defendant Police Chief John Simon, the City of  Elizabeth Police Department, the City of Elizabeth Jail, James Cosgrove and Lt. Sofiankos (collectively "City Defendants") for Reconsideration pursuant to Local Rule 7.1(g) concerning the Court's ruling on October 25, 2004, which denied City Defendants' Qualified Immunity Defense; denied City Defendants' Motion for Summary Judgment on Plaintiffs' § 1983 and Constitutional Claims; granted City Defendants' Motion for Summary Judgment on Plaintiffs' Punitive Damages Claim; granted Defendant Trinitas' Motion for Summary Judgment on Plaintiffs' EMTALA Claim; granted Defendant Trinitas' Motion for Summary Judgment on Plaintiffs' § 1983 and Constitutional Claims; denied Defendant Trinitas' Motion for Summary Judgment on Plaintiffs' State Law Claims; and granted Defendant Trinitas' Motion for Summary Judgment on Plaintiffs' Punitive Damages Claim.  Specifically, City Defendants request that the Court grant their motion for reconsideration and enter an order either 1) vacating the dismissal without prejudice of Count V and VI against Trinitas Hospital under 28 U.S.C. § 1376(c)(3); or, in the alternative, 2) reinstating the

crossclaims of City Defendants against Trinitas Hospital for contribution and indemnification; or, in the alternative, 3) permitting City Defendants to file a third party complaint against Trinitas Hospital for contribution and indemnification. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367(a).  For the reasons set forth below, the Court DENIES City Defendants' motion for reconsideration in its entirety.

**FACTUAL AND PROCEDURAL HISTORY**

**I.   Parties**

Plaintiffs are the administrators and heirs of the Estate of Darlene Sanders, who was a resident of the City of Elizabeth, New Jersey at the time of her death.  (Compl. ¶¶ 2-6.)

Defendant Trinitas Hospital ("Trinitas"), Jersey and Williamburg Campuses, is a medical care facility located in Elizabeth, New Jersey.  (Id. ¶ 7.)

Defendants John and Jane Smiths[1] are persons, individuals, employees, agents, servants, supervisors and/or entities of Trinitas responsible for administering healthcare training on Emergency Medical Treatment and Active Labor Act ("EMTALA") who participated in the medical care of Darlene Sanders.  (Id. ¶ 13.)

---

[1]   The Court refers to Defendant Trinitas Hospital and Defendants John and Jane Smiths collectively as "Defendant Trinitas or Trinitas."

Defendant City of Elizabeth is a governmental body with numerous departments for which it is responsible including the City of Elizabeth Municipal Jail. (Id. ¶ 8.)

Defendant James Cosgrove ("Cosgrove") was at all relevant times the Police Director for the City of Elizabeth responsible for formulation and implementation of the policies and practices of the City of Elizabeth Police Department. (Id. ¶ 9.)

Defendant John Simon ("Simon") was at all relevant times the Chief of Police for the City of Elizabeth responsible for the formulation and implementation of policies of the City of Elizabeth Police Department. (Id. ¶ 10.)

Defendant Lt. Sofiankos ("Sofiankos") was the Desk Supervisor on May 16, 2000 for the City of Elizabeth Police Department. (Id. ¶ 11.)

Defendants John and Jane Roes[2] are officers, supervisors, agents, directors, employees, servants and/or managers for the City of Elizabeth and/or its Police Department and were policy makers responsible for the jail training to administer health care to incarcerated persons or on-duty at the time of Sanders' stay in the municipal jail. (Id. ¶ 12.)

II. **Procedural History**

---

[2] The Court refers to Defendant City of Elizabeth, Defendant John Simon, Defendant James Cosgrove, Defendant Lt. Sofiankos and Defendants John and Jane Roes collectively as "City Defendants."

     Plaintiffs filed their complaint in this Court on April 11, 2002.  (Certification of Nancy S. Martin ("Martin Cert.") at Ex. A.)  Plaintiffs Complaint contains eight counts:

>    Count I: Violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (against Trinitas Hospital - Jersey & Williamsburg campuses) (Compl. ¶¶ 38-42);
>
>    Count II: Violation of 42 U.S.C. § 1983, Constitutional Tort (Id. at ¶¶ 43-47);
>
>    Count III: Federal Constitutional Claim - Improper Medical Care (Id. at ¶¶ 48-50);
>
>    Count IV: State Constitutional Claim (Id. ¶¶ 51-55)
>
>    Count V: Wrongful Death (Id. at ¶¶ 56-59);
>
>    Count VI: Survival under State Law (Id. at ¶¶ 60-65);
>
>    Count VII: Substantive Due Process/Constitutional Rights - 42 U.S.C. § 1983 (Id. at ¶¶ 66-70); and
>
>    Count VIII: Substantive Due Process Rights under the New Jersey Constitution (Id. at ¶¶ 71-75).

Defendants filed answers, discovery was conducted and expert reports were exchanged.  Defendant Simon, joined by all other City Defendants and Trinitas, filed separate motions for summary judgment on Plaintiffs' claims brought respectively against them.  On October 25, 2005, the Court issued the decision described at the outset of this Opinion.  On December 9, 2004, City Defendants filed the present motion for reconsideration of this Court's dismissal of all the crossclaims for contribution and indemnification against Trinitas.

**III. Background**

The full factual recitation of this matter has been set-forth by this Court's decision in <u>Sanders, et al. v. Trinitas Hosp., et al.</u>, No. 02-1655 (D.N.J. Oct. 25, 2004). The Court now proceeds to decide City Defendants' motion for reconsideration of the dismissal of all crossclaims for contribution and indemnification against Trinitas.

## DISCUSSION

### I.  Standard for a Motion for Reconsideration

A motion for reconsideration is governed by Local Civil Rule 7.1(g). <u>See</u> <u>Reinaldo Hernandez v. Art Beller</u>, 129 F. Supp. 2d 698, 701 (D.N.J. 2001). The rule requires that the moving party "set forth concisely the matters or controlling decisions which counsel believes the [Court] has overlooked." <u>Pittston Co. v. Sedgwick James of New York, Inc.</u>, 971 F. Supp. 915, 918-919 (D.N.J. 1997). Thus, a party "must show more than a disagreement with the court's decision." <u>Panna v. Firstrust Sav. Bank</u>, 760 F. Supp. 432, 435 (D.N.J. 1991). A mere "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>Carteret Sav. Bank, F.A. v. Shushan</u>, 721 F. Supp 705, 709 (D.N.J. 1989). "Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion." <u>Re: United States v. Compaction Sys. Corp. et al.</u>, 88 F. Supp. 2d

339, 345 (D.N.J. 1999).

To succeed on a motion for reconsideration, the moving party must present "something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1991). Parties are required to confine their arguments to facts and issues presented to the court at the time the motion and issues were decided. Florham Park Chevron, Inc. v. Chevron U.S.A., 680 F. Supp. 159, 162 (D.N.J. 1988). Efforts to expand the record on reargument are prohibited and will be excluded from the court's evaluation. Id.

There is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard and the Court may, in its discretion, refuse to consider such evidence. Florham Park Chevron, Inc., 680 F. Supp. at 162. Nevertheless, if the Court finds that its consideration of evidence offered for the first time on motion for reconsideration may lead to a different result than was reached originally, the court has discretion to consider that evidence. Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991).

A. **City Defendants' Request to Reinstate All Contribution and Indemnification Crossclaims against Trinitas**

The Court retained jurisdiction over Plaintiffs' § 1983 and constitutional claims against the City Defendants related to the

-8-

alleged failure to provide appropriate medical care, as a constitutional right, to a municipal jail inmate.  Accordingly, City Defendants argue that they have a right to pursue their crossclaims for contribution and indemnification against Trinitas in the pending suit because Trinitas provided Sanders with medical care and the follow-up instructions to City Defendants.

No arguments, however, were made by either City Defendants or Trinitas as to the crossclaims for contribution and indemnification or their impact in the event that all summary judgment motions were denied on all claims.  The Court's order and opinion denied City Defendants' summary judgment motion, except as to Plaintiffs' punitive damage claim.  The Court granted summary judgment to Trinitas as to all claims, except Plaintiffs' state law claims.  The Court did not address the merits of the state law claims, rather these claims were dismissed without prejudice on jurisdictional grounds pursuant to 28 U.S.C. § 1367(c)(3).  While not specifically articulated, the dismissal of Plaintiffs' state claims against Trinitas without prejudice also dismissed the state law crossclaims of City Defendants without prejudice.  City Defendants contend that they will suffer undue prejudice if they are unable to assert their crossclaims for contribution and indemnification against Trinitas.

Trinitas asserts that the Court should not reinstate City

Defendants' crossclaims because the federal claims were dismissed and the state claims were dismissed without prejudice. The Court found that Trinitas was not a state actor and complied with EMTALA. Further, City Defendants had a full opportunity to be heard with regard to Trinitas' summary judgment motion, but did not protect their crossclaims against Trinitas. Morever, City Defendants have not presented any new information or information that has changed since the filing of this Court's order and opinion. Additionally, City Defendants have no evidence that Trinitas was a state actor or violated EMTALA. Accordingly, Trinitas contends that if City Defendants violated Sanders' constitutional right Trinitas' involvement is irrelevant.

The Court is persuaded by Trinitas' reasoning. The Court denied City Defendants' motion for summary judgment "because a reasonable jury could conclude that City Defendants should have known that Sanders' narcotic withdrawal, need for an asthma pump, need for narcotic withdrawal medication and the failure of a jail physician to follow-up on her medical condition could cause her to suffer adverse health consequences." <u>Sanders, et al. v. Trinitas Hosp., et al.</u>, No. 02-1655, slip op. at 30 (D.N.J. Oct. 25, 2004). City Defendants argue that the Elizabeth City Jail does not have a jail physician, provide asthma pumps, medications or conduct physical examinations. (Br. in Supp. of Mot. for Reconsideration on Behalf of Def. Police Chief John Simon and All

-10-

Elizabeth City Defs. ("Defs.' Br.") at 9.)  City Defendants posit that these are the reasons why their crossclaims should be reinstated.  The remaining issue before the Court, however, is what services did the City Defendants need to provide to avoid violating Sanders' constitutional rights.  Hence, the ultimate conclusion of this issue is irrelevant as to Trinitas actions or omissions.  Finally, if Plaintiff establishes claims for liability and damages against the City Defendants, thus ripening losses to these Defendants, they can pursue claims for contribution and/or indemnification in a separate action against Trinitas Hospital.  The latter should not need to incur the expenses of participating in the present suit while awaiting a determination as to whether claims against it will ever mature.

## CONCLUSION

Based on the foregoing reasons, the Court DENIES City Defendants' motion for reconsideration in its entirety.


                                    /s/    John W. Bissell
                                         JOHN W. BISSELL
                                           Chief Judge
                                    United States District Court



DATED:  August 24, 2005